IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROOSEVELT RICO DAHDA,                )
                                     )
                    Petitioner,      )
                                     )
        v.                           )        Case No. 23-3008-JWL
                                     )
D. HUDSON, Warden, USP-Leavenworth,  )
                                     )
                    Respondent.      )
                                     )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1).  For the reasons set forth below, the petition is **denied**.

In 2005 petitioner was sentenced in this Court to a term of imprisonment of 90 months, for convictions that included a firearm offense under 18 U.S.C. § 924(c).  He was released from custody in 2010 and began his three-year period of supervised release. Petitioner violated the terms of that release, however, by committing various drug offenses. He was sentenced to a term of imprisonment of 141 months for the new drug offenses and a consecutive term of 30 months for his original offenses upon revocation of his term of supervised release, for a total sentence of 171 months.

By this petition, petitioner challenges the finding by the federal Bureau of Prisons (BOP) that he is ineligible to receive certain credits against his sentence under the First Step Act (FSA).  The FSA provides for time credits for prisoners who have successfully

completed evidence-based recidivism reduction programs.  *See* 18 U.S.C. § 3632(d)(4). Under the statute, however, a prisoner is ineligible to receive such credits if he or she "is serving a sentence for a conviction under" particular enumerated statutes, including 18 U.S.C. § 924(c).  *See* 18 U.S.C. 3632(d)(4)(D)(xxii).  In this case, when the Court imposed petitioner's 30-month revocation sentence, it was requiring petitioner to serve in prison part of his term of supervised release for the original offenses, which included a Section 924(c) offense.  *See* 18 U.S.C. § 3583(e)(3).  Thus, because petitioner's aggregate sentence of 171 months was imposed because of convictions that included a Section 924(c) offense, the BOP deemed petitioner ineligible to receive the FSA credits.

In challenging that decision by the BOP, petitioner argues that he completed his sentence for the Section 924(c) offense and that he is therefore no longer ineligible under the FSA.  Petitioner has cited no instance in which a court has accepted that argument that a prisoner's total sentence must be segregated by offense or by particular prison term for purposes of applying the FSA's eligibility requirements.  In fact, the courts that have directly addressed this issue have rejected the argument and ruled in favor of the BOP's position.  *See Goodman v. Sage*, 2022 WL 18028148, at *3 (M.D. Pa. Dec. 30, 2022) (noting that this argument has been consistently rejected by courts); *see also Giovinco v. Pullen*, 2023 WL 1928108, at *2-3 (D. Conn. Feb. 10, 2023); *Teed v. Warden*, 2023 WL 1768121, at *2-3 (M.D. Pa. Feb. 3, 2023); *Keeling v. LeMaster*, 2022 WL 17407966, at *2 (E.D. Ky. Dec. 2, 2022), *appeal filed* (6th Cir. Dec. 29, 2022); *Sok v. Eischen*, 2022 WL 17156797, at *2-6 (D. Minn. Oct. 26, 2022), *report and recommendation adopted*, 2022 WL 17128929 (D. Minn. Nov. 22, 2022); *Frommie v. Federal Bur. of Prisons*, 2022 WL

18399537, at *2-5 (D.S.D. Aug. 23, 2022), *report and recommendation adopted*, 2022 WL 18399536 (D.S.D. Nov. 30, 2022).

The Court agrees with the reasoning of these courts, and it therefore rejects petitioner's argument. Most importantly, 18 U.S.C. § 3584(c) provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." *See id.* Thus, in petitioner's case, his 141-month sentence and his 30-month sentence are treated as a single, aggregate sentence of 171 months. This was the existing law in 2018, when Congress passed the FSA, and thus the FSA's eligibility requirements must be considered in light of that existing statutory scheme. *See Frommie*, 2022 WL 18399537, at *4. Moreover, Section 3584(c) states that this aggregate treatment is for "administrative purposes," but courts have consistently held that the determination of eligibility for credits against a sentence is an administrative function of the BOP under Section 3584(c). *See Sok*, 2022 WL 17156797, *5 (citing cases), *quoted in Giovinco*, 2023 WL 1928108, at *2 (citing cases).

The FSA does not explicitly address a situation involving multiple offenses or multiple sentences, and thus it does not directly support petitioner's position. Even if the statute were considered ambiguous, however, the BOP would be entitled to *Chevron* deference on this issue. Under *Chevron*, if Congress has enacted a law that does not answer the precise question at issue, the court decides whether the administering agency has filled the statutory gap in a reasonable way in light of Congress's design. *See Lopez v. Davis*, 531 U.S. 230, 242 (2001) (deferring to BOP's reasonable interpretation of a statute). Like

3

the other courts, this Court finds the BOP's interpretation to be reasonable, particularly in light of Section 3584(c)'s requirement that consecutive sentences be treated as a single, aggregate sentence. *See Giovinco*, 2023 WL 1928108, at *3; *Sok*, 2022 WL 17156797, at *5; *Frommie*, 2022 WL 18399537, at *3-4. In addition, petitioner's interpretation would be difficult for the BOP to apply, as the BOP would be required not only to assign an order to the offenses or sentences, but also to determine start and stop times for each partial sentence, while applying various credits at the same time. *See Frommie*, 2022 WL 18399537, at *4. Thus, because the BOP's interpretation of the FSA's eligibility requirements is a reasonable one, the Court is bound to apply it here.

In his reply brief, petitioner appears to disavow any issue with the application of Section 3584(c)'s aggregation requirement in his case. Instead, he claims that the Court has stated that he has already completed his prison sentence for the offenses that included the Section 924(c) offense. He relies on language from the Court's Memorandum and Order of September 6, 2022, issued in his two criminal cases, in which the Court denied petitioner's motion for a sentence reduction under 18 U.S.C. § 3583(c)(2) based on a reduction in the guideline range for one of his original offenses. In that order, the Court stated: "Mr. Dahda's argument fails to distinguish between the two terms of imprisonment imposed in the 2004 case: (1) a sentence of 90 months imposed in 2005, which Mr. Dahda already has served and (2) a revocation sentence of 30 months imposed in 2015, which Mr. Dahda is currently serving (along with the consecutive sentence of 141 months in [the more recent case])." *See United States v. Dahda*, 2022 WL 4079021, at *3 (D. Kan. Sept. 6, 2022) (Crabtree, J.). Based on this quote, petitioner argues that he has been ruled to have

4

"already served" his original sentence imposed for various crimes including the Section 924(c) offense.  It is the 30-month revocation sentence, however, that makes petitioner ineligible for the FSA credits.  The Court in that order did not indicate that petitioner had completed that sentence.  Furthermore, as noted above, the revocation sentence is a prison sentence imposed for the original offenses for which the term of supervised release was ordered, *see* 18 U.S.C. § 3583(e)(3), including the disqualifying Section 924(c) offense.  Accordingly, the Court's prior ruling does not support petitioner's petition here.

The Court thus concludes that the BOP properly found that petitioner is ineligible to receive the FSA credits.  The Court therefore denies the petition for habeas relief.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is hereby **denied**.

IT IS SO ORDERED.

Dated this 7th day of March, 2023, in Kansas City, Kansas.

<u>/s/  John W. Lungstrum</u>
Hon. John W. Lungstrum
United States District Judge